Sabrina L. Shadi (SBN 205405)
Mollie R. Kraus (SBN 366438)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:    310.820.8800
Facsimile:    310.820.8859
*Emails:       sshadi@bakerlaw.com*

*Attorneys for Defendant,*
JUMP EMPLOYEE SERVICES LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS TAYLOR, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH SEMICONDUCTOR LLC, a Delaware limited liability company; JUMP EMPLOYEE SERVICES LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>*[Placer County Superior Court Case No. S-CV-0056197]*<br><br>**DEFENDANT JUMP EMPLOYEE SERVICES LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br>*[Filed concurrently with Civil Cover Sheet; and Corporate Disclosure Statement]*<br><br>Action Filed:  September 12, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Jump Employee Services LLC ("Jump") hereby removes the action filed by plaintiff Marcus Taylor ("Plaintiff") in the Superior Court of the State of California, in and for the County of Placer and captioned Case No. S-CV-0056197, to the United States District Court for the Eastern District of California on the grounds that this Court has original jurisdiction under this action pursuant to the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)(2)), and on all other grounds for jurisdiction to the extent applicable.

## JURISDICTION AND VENUE

1.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in CAFA, codified in part at 28 U.S.C. § 1332(d).

2.      This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Specifically, the United States District Court for the Eastern District of California embraces Placer County.  Thus, this Court is the proper district court to which this case is properly removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL

## PROCEDURAL BACKGROUND

3.      On September 12, 2025, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a Class Action Complaint ("Complaint") against Robert Bosch Semiconductor LLC ("Bosch") and Jump (collectively, "Defendants") in the Superior Court of the State of California, in and for the County of Placer, Case No. S-CV-0056197 (the "State Court Action").  Plaintiff filed the complaint as a putative class action.

4.      On December 29, 2025, Jump was served with a copy of the Summons and Complaint.

5.      Exhibit "A" constitutes all process, pleadings, and orders served on Jump in the State Court Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

6.   Jump filed its Answer in the State Court Action on January 27, 2026.  A true and correct copy of Jump's Answer is attached as Exhibit "B".

7.   Jump is informed and believes that there has been no service of process upon Does 1 through 100, which are fictitious defendants and therefore properly disregarded for the purpose of removal.  28 U.S.C. § 1441(b).  Accordingly, Bosch and Jump are the only defendants needed to consent to this removal.  *See Hernandez v. Ignite Rest. Group, Inc.*, 917 F. Supp. 2d 1086, 1089 (E.D. Cal. 2013) ("there is no requirement for non-served defendants to join the petition for removal.").

8.   Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Jump filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

**CAFA JURISDICTION**

9.   Basis of Original Jurisdiction.  This Court has original jurisdiction of this action under CAFA.  28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000.  Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

10.   As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) because it is a civil action filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that Plaintiff set forth in the Complaint; Plaintiff and Defendants are citizens of different states; and no defendant is a state, state official, or government entity.

**DIVERSITY OF CITIZENSHIP**

11.   CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  The citizenship of the parties is determined by their citizenship status at the action's commencement.  *See Mann v.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

*City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986). As the Ninth Circuit held, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Commc'ns*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

12.     Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff "is a resident of the State of California." Complaint, ¶ 2. Defendants are informed and believe that Plaintiff, at the time of the filing of the action, was, and still is, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

13.     Defendants' Citizenship. The Ninth Circuit has held that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

14.     Defendant Jump is now, and at the time this action commenced, was, a single member, limited liability company. The sole member of Jump is Ridgeview Vista, Inc. dba Jump Staffing, which is and at all relevant times has been, a corporation formed under the laws of the state of Delaware with its principal place of business in North Dakota, where its officer directs, controls, and coordinates its corporate activities. Accordingly, Jump is a citizen of the states of Delaware and North Dakota.

15.     Defendant Bosch is now, and at the time this action commenced, was, a single member, limited liability company. The sole member of Bosch is Robert Bosch LLC, which is

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and at all relevant times has been, a single member limited liability company. The sole member of Robert Bosch LLC is Robert Bosch of North America Corporation, which is and at all relevant times has been, a corporation formed under the laws of the state of Delaware with its principal place of business in Michigan, where its officers direct, control, and coordinate its corporate activities. Accordingly, Bosch is a citizen of the states of Delaware and Michigan.

16.    Doe Defendants. Although Plaintiff has also named fictitious defendants "Does 1-100," the presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in the removal petition). Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

17.    Minimal Diversity. Accordingly, diversity of citizenship exists between the parties under 28 U.S.C. § 1332(a) inasmuch as Plaintiff is a citizen of the State of California and the Defendants are citizens of Delaware, North Dakota and Michigan.

18.    Size of the Putative Class. CAFA provides that district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Here, Plaintiff has alleged and seeks to serve as a class representative of the following putative class: "[A]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's [C]omplaint up until the time that notice of the class action is provided to the class." Complaint, ¶ 30. Four years prior to Plaintiff's filing of the Complaint is September 12, 2021. From November 12, 2024, to April 11, 2025, (the "Project Period"), Jump employed 82 individuals, including Plaintiff, as hourly, non-exempt employees to work on a project with Bosch in Roseville, California. During the Project Period, Bosch employed 159 individuals as hourly, non-exempt employees to work on the project. Therefore, per the Complaint allegations, the putative class size is at least 241.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**AMOUNT IN CONTROVERSY UNDER CAFA**

19.      Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-840 (9th Cir. 2002). Here, that amount is at least $5,000,000, in the aggregate. *See* 28 U.S.C. § 1332(d). In determining whether the amount in controversy exceeds $5,000,000, the court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated")).

20.      Here, Plaintiff does not specifically allege any amount of damages or recoverable penalties in the Complaint, nor does he allege that the aggregate amount in controversy is less than $5,000,000. Therefore, Defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84 (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); see also *Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FEMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

21.      Plaintiff's Complaint pleads causes of action for: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) meal period violations; (4) rest period violations; (5) failure to pay all wages due upon termination; (6) failure to provide accurate wage statements; (7) failure to timely pay wages during employment; (8) failure to indemnify in violation of Labor Code § 2802; (9) failure to provide compensation at the final rate of pay for unused vested paid vacation days in violation of Labor Code § 227.3; and (10) unfair business practices in violation of California Business & Professions Code § 17200 et seq. *See generally,* Complaint.

22.      Plaintiff's prayer for relief seeks recovery of compensatory damages, including unpaid wages, overtime, and premium pay, pre-judgement interest, liquidated damages, statutory

5

and civil penalties, restitution, injunctive, declaratory, and equitable relief, reasonable attorney's fees, and "such other and further relief as the Court deems just and proper." *See id.*, Prayer for Relief.

23.    Amount in Controversy.  Without conceding that Plaintiff or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.[1]

24.    Total Workweeks, Wage Statements, and Average Hourly Rate.  During the Project Period, approximately 241 putative class members worked a total of 4,553 workweeks, and approximately 4,553 wage statements were issued.  The putative class typically worked full-time schedules.  The average hourly rate of pay among this group is approximately $27.00.

A.    Failure to Pay Overtime and Double Time Wages.  In support of his first cause of action for unpaid overtime, Plaintiff alleges that Defendants failed to pay overtime and double time wages for all hours worked as a result of Defendants "failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock...detrimentally round[ing], edit[ing], and/or manipulat[ing] time entries so the hours recorded were less than the hours actually worked." Complaint, ¶ 44.  Plaintiff, on behalf of himself and the putative class, seeks to recover unpaid overtime wages, interest, statutory penalties, and attorneys' fees and costs. *Id.* at ¶ 46.

Assuming, for purposes of this removal only, that each putative class member was not paid for two hours of overtime and one hour of double time per workweek, the amount in controversy for this claim is approximately $614,655 (calculated as: [2 hour of overtime x 4,553 workweeks x [$27.00 x 1.5] per hour] + 1 hour of double time x 4,553 workweeks x [$27.00 x 2] per hour).  This conservative assumption is reasonable because it assumes employees were not paid for just 2 hours of overtime per workweek due to rounding and off-the-clock work and 1

---

[1] This Notice does not concede and should not be construed as evidence that any defendant violated the legal rights of Plaintiff or any putative class members.  The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice.

hour double time per workweek due to rounding and does not even take into account Plaintiff's allegations regarding underpaid overtime due to Defendants' regular rate formula or underpaid double time due to off-the-clock work and Defendants' regular rate formula. *See, e.g., Taylor v. United Road Servs., Inc.*, 313 F. Supp. 3d 1161, 1178 (accepting 2.5 hours of unpaid overtime per week when calculating the amount in controversy under CAFA).

B.    Failure to Pay Minimum Wages.  In support of his second cause of action, Plaintiff alleges that Defendants failed to pay minimum wages for all hours worked as a result of Defendants "failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock...detrimentally round[ing], edit[ing], and/or manipulat[ing] time entries so the hours recorded were less than the hours actually worked." Complaint, ¶ 50.  Plaintiff, on behalf of himself and the putative class, seeks to recover unpaid minimum wages, interest, statutory penalties, and attorneys' fees and costs.  Complaint, ¶ 52.

Using the total number of pay periods during the one-year statutory period for civil penalties and the alleged civil penalty of $100 for the initial violation and $250 per pay period for each subsequent violation pursuant to Labor Code section 1197.1, the amount in controversy for this claim is approximately $1,102,100 (calculated as: [$100 penalty for each initial violation x 241 pay periods] + [$250 penalty for each subsequent violation x 4,312 pay periods (4,553 pay periods – 241 pay periods)]).  This calculation is highly conservative and almost certainly significantly understates the amount placed in controversy by Plaintiff's claim because it is limited to civil penalties and does not even take into account Plaintiff's alleged entitlement to recover unpaid minimum wages or liquidated damages. *See, e.g., Cabrera v. S. Valley Almond Co.*, 2021 WL 5937585, at *8 (E.D. Cal. Dec. 16, 2021) ("[T]he Court does not agree with Plaintiff's contention that it is improper to assume that all putative class members employed during the relevant time period were subject to unpaid overtime and unpaid minimum wages.").

C.    Meal Period Violations.  In support of his third cause of action for meal period violations, Plaintiff alleges that Defendants "at times" did not provide "complete, timely, 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

to take them" and "failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods." Complaint, ¶ 57. Plaintiff, on behalf of himself and the putative class, seeks to recover "the full amount of their unpaid additional pay for unprovided compliant meal periods," interest, statutory penalties, and attorneys' fees and costs. Complaint, ¶ 60.

During the Project Period, the 241 putative class members worked approximately 22,765 shifts. The putative class typically worked more than five hours per shift, entitling them to at least one meal period.

Assuming for purposes of this removal only a 20% violation rate for meal periods, the amount in controversy for this claim would be approximately $122,931 (calculated as $27.00 average hourly rate x [20% violation rate x 22,765 shifts]). This calculation is exceedingly reasonable in light of Plaintiff's vague allegations that "at times" Defendants failed to provide meal periods and pay meal period premiums. Complaint, ¶ 57; *see Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d. 968, 974 (E.D. Cal. 2023) (upholding a 24% violation rate for calculating the amount in controversy for meal period violations under CAFA when Plaintiff's language suggested "that this may have been a sporadic rather than a regular failing."); *see also Cabrera,* 2021 WL 5937585 at *6 (finding a 20% meal break violation rate in calculating the amount in controversy consistent with language in the Complaint stating that violations occurred "at times"); *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *2 (E.D. Cal. 2019) (upholding Defendant's assumption of one missed meal break per week as reasonable in light of the Complaint's allegations that class members forfeited meal breaks "from time to time").

D.    <u>Rest Period Violations</u>. In support of his fourth cause of action for rest period violations, Plaintiff alleges that Defendants "at times" did not authorize Class Members to "take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof" and "failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods." Complaint, ¶ 65. Plaintiff, on behalf of himself and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the putative class, seeks to recover "the full amount of their unpaid additional pay for unprovided compliant rest periods," interest, statutory penalties, and attorneys' fees and costs. *Id.* at ¶ 68.

During the Project Period, the putative class typically worked more than three-and-a-half hours per shift, entitling them to at least one rest period per shift.

Assuming for purposes of this removal only a 20% violation rate for rest periods, the amount in controversy for this claim would be approximately $122,931 (calculated as $27.00 average hourly rate x [20% violation rate x 22,765 shifts]). This calculation is exceedingly reasonable in light of Plaintiff's vague allegations that "at times" Defendants failed to provide rest periods and pay rest period premiums. Complaint, ¶ 65; *see Serrieh*, 707 F. Supp. 3d. at 975 (upholding a 34.5% violation rate for calculating the amount in controversy for rest period violations under CAFA when the Complaint pled that employees were denied rest periods "from time to time."); *see also Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *2 (E.D. Cal. 2019) (upholding Defendant's assumption of one missed rest break per week as reasonable in light of the Complaint's allegations that class members forfeited rest breaks "from time to time"). This calculation is additionally conservative given that the Complaint makes broad allegations that put every rest period at issue.

E.      Failure to Pay All Wages Due Upon Termination (Waiting Time  Penalties). In support of his fifth cause of action for waiting time penalties, Plaintiff alleges that Defendants "intentionally adopted policies or practices" resulting in "the failure, at times, to pay all wages earned prior to termination or resignation." Complaint, ¶ 73. Plaintiff also alleges that Defendants have "had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3." Complaint ¶ 102. Plaintiff, on behalf of himself and the putative class, seeks to recover waiting time penalties pursuant to Labor Code § 203, attorneys' fees, interests, and costs. *Id.* at ¶¶ 76 and 104. The applicable statute of limitations for penalties under Labor Code § 203 is three years. *Chang v. Biosuccess Biotech Co., LTD*, 76 F. Supp. 3d 1022, 1052 (C.D. Cal. 2014).

During the Project Period, Defendants accounted for 92 individuals who separated from their employment with Defendants.  Defendants assume, for purpose of Plaintiff's waiting time penalties claim, that Plaintiff and the putative class members typically worked full eight-hour shifts.  Accordingly, the amount in controversy for this claim is $596,160 (calculated as 92 separated employees x 8 hours x 30 days x $27.00 average hourly rate of pay).  These assumptions are reasonable because Plaintiff asserts his waiting time penalties are predicated on his unpaid overtime and vacation day claims.  Defendants also specifically account for only terminated employees in determining the amount in controversy for this claim.

A 100% violation rate is therefore appropriate for purposes of calculating the amount in controversy for Plaintiff's waiting time penalties claims.  *See Salonga v. Aegis Senior Communities, LLC*, 2022 WL 1439914, at *8 (N.D. Cal. May 6, 2022) ("[Courts] within the Ninth Circuit have accepted a 100-percent violation rate where Plaintiff has (1) tied waiting-time penalties to other claims and (2) the defendants specifically account for only terminated employees."); *see also Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) ("[a plaintiff's] allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties.").

F.    Failure to Provide Accurate Wage Statements.  In support of his sixth cause of action for failure to provide accurate wage statements, Plaintiff alleges that Defendants "failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements."  Complaint, ¶ 80.  Plaintiff, on behalf of himself and the putative class, seeks to recover penalties pursuant to Labor Code § 226(e) of $50 per employee for the initial pay period in which a wage statement violation occurred and $100 per employee for each violation in a subsequent pay period, not exceeding the maximum aggregate penalty of $4,000 per employee, as well as attorneys' fees and costs.  *Id.* at ¶ 84.  A one-year limitations period applies to this cause of action seeking penalties.  Cal. Code Civ. Proc. § 340.

Based on Plaintiff's general allegations of "policies and practices" resulting in inaccurate wage statements "at times," a 100% violation rate is properly applied to Plaintiff's wage

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

statement violations claim. *See* Complaint, ¶ 80. Courts routinely accept use of a 100% violation rate based on general contentions similar to Plaintiff's here. *See, e.g., Serrieh*, 707 F. Supp. 3d 968, 978 (accepting 100% violation rate where defendant paid employees on a weekly basis such that "it follows that 'every wage statement was noncompliant.'" (quoting *Gipson v. Champion Home Builders, Inc.*, 2020 WL 4048503, at *8 (E.D. Cal. July 20, 2020))); *Nunes*, 2019 WL 4316903 at *3 (upholding 100% violation rate where class members received inaccurate wage statements "from time to time" because "it is reasonable to assume the class members suffered at least one violation (e.g. one missed meal or rest break) per pay period."); *Vasquez v. RSI Home Products, Inc.*, 2020 WL 6778772, at *4 (C.D. Cal. Nov. 12, 2020) (finding a 100% violation rate reasonable where pleadings were "general and expansive").

Based on this assumption, the amount in controversy on this claim is approximately $443,250 (calculated as: $12,050 in initial penalties [241 pay periods x $50] + $431,200 in penalties for subsequent violations every pay period [(4,312 pay periods x $100]).

G.    Failure to Timely Pay Wages During Employment. In support of his seventh cause of action for failure to timely pay wages during employment, Plaintiff alleges that Defendants "employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204." Complaint, ¶ 89. Plaintiff, on behalf of himself and the putative class, seeks to recover penalties pursuant to Labor Code § 210(a) of $100 per employee for the initial violation and $200 per employee for each subsequent violation, plus 25% of the unlawfully withheld amount, as well as interest and costs. *Id.* at ¶¶ 90-91. A one-year limitations period applies to this cause of action seeking penalties. Cal. Code Civ. Proc. § 340.

For purposes of this removal, Defendants use a 100% violation rate, which assumes that there was an untimely payment of wages violation every pay period. Based on this assumption, the amount in controversy on this claim is approximately $1,024,797 (calculated as $24,100 in initial penalties [241 pay periods x $100] + $862,400 in penalties for subsequent violations every pay period [4,312 pay periods x $200) + ($553,190 wages withheld (assuming 1 hour of minimum, double time, and overtime wages withheld per pay period) x 0.25]).

11

Given the Complaint's contention that Defendants "employed policies and practices" which resulted in Defendants' failure to timely pay wages to class members during employment, a violation rate of 100% is reasonable. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1125 (C.D. Cal. 2010) (affirming employer's use of a 100% violation rate to calculate the amount in controversy on a failure to timely pay wages claim); *see also Rapisura v. BMW of North Am., LLC*, 2022 WL 155701 (E.D. Cal. May 17, 2022) (upholding a 100% violation rate to calculate the amount in controversy on a failure to timely pay wages during employment claim because the complaint drew no distinction between the class members, "so it is reasonable for defendant to assume that all putative class members were not timely paid wages").

H.    Failure to Indemnify.  In support of his eighth cause of action for failure to indemnify necessary business expenses under California Labor Code § 2802, Plaintiff alleges that he and Class Members had to use cellular phones for work-related purposes and were not reimbursed for those expenditures.  Complaint ¶¶ 95-96.  To recover on the reimbursement claim, Plaintiff, on behalf of himself and the putative class, seeks to recover all unreimbursed expenses, attorneys' fees, and costs.  *Id.* at ¶ 98.

In calculating the amount in controversy on Plaintiff's claim for unreimbursed business expenses, Defendants conservatively limit their calculations to only the cost of work-related personal cell phone usage.  Assuming that putative class members were not reimbursed for the cost of their personal cell phones for usage charges during each week worked, and assuming conservatively that these putative class members would reasonably be entitled to 20% of the costs associated with their usage of personal cell phones, the amount in controversy for this claim is approximately $23,803 (calculated as: $26.14 average cost of cell phone service per workweek[2] x 20% for work-related usage x 4,553 workweeks).

I.    Attorneys' Fees.  Plaintiff's Complaint seeks an unspecified amount of attorneys' fees on all causes of action asserted in the Complaint.  These attorneys' fees may be included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

---

[2] According to the Bureau of Labor Statistics Consumer Expenditure Survey, in 2024, the average annual expenditures for cellular phone service was $26.14 per workweek.

12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees…such fees may be included in the amount in controversy"); see also *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (the amount in controversy includes all relief claimed at the time of removal to which Plaintiff would be entitled if he prevails).  Additionally, the Ninth Circuit has confirmed that future attorneys' fees must be included in an amount in controversy calculation under CAFA.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).  "[I]t is well established the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mark Express, Inc.*, 2012 WL 699465, at \*7 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

Accordingly, for purposes of this removal only, Defendants conservatively assume that attorneys' fees in this matter would amount to at least 25% of the value of the claims for which Plaintiff seeks fees, amounting to $1,012,656 (calculated as 25% x $4,050,627).

25.    Total Amount in Controversy.  Based on the foregoing, the amount in controversy on Plaintiff's Complaint is not less than $5,063,284 which exceeds the CAFA jurisdictional threshold.[3]

26.    Based on the foregoing, the aggregate amount in controversy of Plaintiff's causes of action is as follows:

| Cause of Action / Claim | Amount in Controversy |
|---|---|
| Failure to Pay Overtime Wages (First Cause of Action) | $614,655 |
| Failure to Pay Minimum Wages (Second Cause of Action) | $1,102,100 |
| Failure to Provide Meal Periods (Third Cause of Action) | $122,931 |
| Failure to Provide Rest Periods (Fourth Cause of Action) | $122,931 |
| Failure to Pay all Wages Due Upon Termination (Fifth Cause of Action) | $596,160 |
| Failure to Provide Accurate Wage Statements (Sixth Cause of Action) | $443,250 |

[3] Defendants expressly reserve and do not waive their right to amend this Notice of Removal and/or offer evidence as to additional and/or different amounts in controversy on any or all of Plaintiff's causes of action alleged in the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

| Failure to Timely Pay Wages During Employment (Seventh Cause of Action) | $1,024,797 |
|---|---|
| Failure to Indemnify (Eighth Cause of Action) | $23,803 |
| *Subtotal:* | $4,050,627 |
| Attorneys' Fees: | $1,012,657 |
| **Total:** | **$5,063,284** |

27.     This amount in controversy satisfies the standard for removal. *Dart Cherokee*, 574 U.S. at 81 ("[A] defendant's notice of removal need include only a plausible allegation that the amount controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions."). Accordingly, removal of this action is proper under CAFA.

## CORPORATE DISCLOSURE STATEMENT

28.     Pursuant to Federal Rule of Civil Procedure 7.1, Defendants are filing a Disclosure Statement concurrently with this Notice of Removal.

## NOTICE

29.     As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all parties and are filing a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California, in and for the County of Placer.

Dated : January 28, 2026

Respectfully submitted,
**BAKER & HOSTETLER LLP**

/s/ Sabrina L. Shadi
Sabrina L./ Shadi
Mollie R. Kraus

*Attorneys for Defendants,*
JUMP EMPLOYEE SERVICES LLC

14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

**BIBIYAN LAW GROUP, P.C.**
Molly Ann DeSario (Cal. Bar No. 230763)
*mdesario@tomorrowlaw.com*
Gayane Ghandilyan (Cal. Bar No. 327818)
*gayane@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MARCUS TAYLOR and
on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**09/12/2025 at 04:31:53 PM**
By: Breanne E Baldock
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF PLACER

| | |
|---|---|
| MARCUS TAYLOR, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH SEMICONDUCTOR LLC, a Delaware limited liability company; JUMP EMPLOYEE SERVICES LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: S-CV-0056197<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. VIOLATION OF LABOR CODE § 227.3; and<br><br>10. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

Bibiyan Law Group, P.C.
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555

CLASS ACTION COMPLAINT

Plaintiff MARCUS TAYLOR, on behalf of Plaintiff and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against Robert Bosch Semiconductor LLC, Jump Employee Services LLC, and any of its respective subsidiaries or affiliated companies within the State of California ("Robert Bosch," "Jump Employee," collectively, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt employees in California employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A. **Plaintiff**

2. Plaintiff MARCUS TAYLOR is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, general cleaner including cleaning rooms and the general facilities. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff MARCUS TAYLOR worked for Defendants from approximately November of 2024 through approximately April of 2025.

### B. **Defendants**

3. Plaintiff is informed and believes and based thereon alleges that defendant Robert Bosch is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Placer, State of California. Plaintiff is informed and believes, and based thereon alleges, that Robert Bosch is a "client employer" within the meaning of Labor Code section 2810.3 that procures outplacement staffing and payroll services from various staffing agencies, including but not limited to, Jump Employee.

4. At all relevant times herein, Robert Bosch employed Plaintiff and similarly situated employees within the State of California. Plaintiff is informed and believes and based thereon alleges

that defendant Jump Employee is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County of Placer, State of California. Plaintiff is informed and believes, and based thereon alleges, that Jump Employee is a labor contractor within the meaning of Labor Code section 2810.3 that provides outplacement staffing and payroll services for various industries and professions, including for Robert Bosch.

5.    At all relevant times herein, Jump Employee employed Plaintiff and similarly situated employees within the State of California.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

7.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Robert Bosch, Jump Employee, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

### JOINT LIABILITY ALLEGATIONS

8.    Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

9.    All of the acts and conduct described herein of each and every corporate defendant was

duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

10. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

11. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

12. Venue is proper in Placer County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Placer County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Placer County, and because Defendants employ numerous Class Members in Placer County.

13. Plaintiff also provided Defendants, and each of them, with notice under Labor Code section 2810.3, subdivision (d) that Plaintiff would seek to hold them liable for each other's wage and hour violations under Labor Code section 2810.3 on July 15, 2025 by certified mail with return receipt requested.

## FACTUAL BACKGROUND

14. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,

4
CLASS ACTION COMPLAINT

overtime, and double times wages and that they were not receiving minimum, regular, overtime, and double time wages for all work that was required to be performed.

15. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws.

16. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week.

17. On information and belief, Defendants did not accurately or appropriately compensate Plaintiff and Class Members for the hours worked by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to clock out for meal periods and continue working, and to don and doff required uniforms and/or safety prior to starting their shift. Moreover, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated time entries so the hours recorded were less than the hours actually worked, all to the detriment of Plaintiff and Class Members.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period.

19. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

5
CLASS ACTION COMPLAINT

worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

20.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.

21.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

22.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

23.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

24.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive their wages in a timely fashion. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

25.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to be reimbursed for necessary expenses incurred in the discharge of their duties. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Plaintiff and Class Members, or some of them, for the costs incurred in using cellular phones for work-related purposes including, but not limited to texting supervisors.

26.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all unused vested vacation time at their final rate of pay. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and Class Members with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

27.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to paid sick leave at their regular rate of pay. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and Class Members with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

28.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.,* 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for

missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failing to pay vested vacation time and/or sick time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

29.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

31.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

32.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.     Numerosity

33.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

34.     Accounting for employee turnover during the relevant periods necessarily increases

this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.    Commonality**

35.    There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted rest periods?

G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.    Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.    Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.    Did Defendants fail to indemnify Class Members for all necessary expenditures or

9
CLASS ACTION COMPLAINT

losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.  Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

M.  Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N.  Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O.  Are Class Members entitled to costs and attorneys' fees?

P.  Are Class Members entitled to interest?

**C.  Typicality**

36.  The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.  Adequacy of Representation**

37.  Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.  Superiority of Class Action**

38.  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

39.  Class action treatment will allow Class Members to litigate their claims in a manner

that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

40. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

41. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

42. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

43. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

44. Four (4) years prior to the filing of the Complaint in this action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to clock out for meal periods and continue working, and to don and doff required uniforms and/or safety prior to starting their shift. Moreover, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated time entries so the hours recorded were less than the hours actually worked,

all to the detriment of Plaintiff and Class Members.

45. Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

46. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

47. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

48. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

49. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

50. For four (4) years prior to the filing of the Complaint in this action through the present, Defendants failed, at times, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to clock out for meal periods and continue working, and to don and doff required uniforms and/or safety prior to starting their shift. Moreover, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated time entries so the hours recorded were less than the hours actually worked, all to the detriment of Plaintiff and Class Members.

51. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

52.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

53.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

54.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

55.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

56.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

57.     For four (4) years prior to the filing of the Complaint in this action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

58.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

59.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

60.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

61.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

62.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

63.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

64.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

65.      For four (4) years prior to the filing of the Complaint in this action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

66.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

67.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

68.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

69.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

70.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

71.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages

earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

72.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

73.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

74.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

75.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

76.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

77.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

78.     At all relevant times, Plaintiff and Class Members were employees or former

employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

79.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the name and address of the legal entity that is the employer, among other things.

80.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the name and address of the legal entity that is the employer, among other things.

81.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

82.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

83.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code

section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

84.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

85.     Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

86.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

87.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

88.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

89.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

90.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

91.    Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

92.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

93.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

94.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

95.    For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: using cellular phones for work-related purposes.

96.    During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class Members for those losses and/or expenditures.

97.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

98.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants)

99.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

100.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

101.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

102.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

103.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

104.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## TENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

105.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

preceding paragraphs as though fully set forth hereat.

106.    Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

107.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

108.    Moreover, as a result of Defendants' unfair competition, as alleged herein, the public has suffered injury.  Defendants' Labor Code violations provide them with an unfair competitive advantage against other California employers.  Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff seeks public injunctive relief for the benefit of the general public that prohibits Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations.  This relief benefits Plaintiff only incidentally and as a member of the general public.  The primary purpose and effect of this prohibition is to prohibit unlawful acts that threaten future injury to the general public by means of Defendants' unlawful competition with other California employers.  (*McGill v. CitiBank, N.A.* (2017) 2 Cal.5th 945, 954; *accord* at 957.)

109.    As a distinct ground, Plaintiff seeks under Labor Code section 17203 restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which Plaintiff and Class Members had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff

and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

110.    Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

111.    Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.    An order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class counsel;

C.    Damages for all wages earned and owed, including minimum and overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1, 1194, 1197 and 1199 and 227.3;

D.    Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E.    Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.    Waiting time penalties under Labor Code sections 203 and 558.1;

H.    Penalties to timely pay wages under Labor Code section 210;

I.    Damages under Labor Code sections 2802 and 558.1;

K.    Preliminary and permanent public injunctions under Labor Code section 17200, *et seq*. imposed for the benefit of the public prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, thus permitting proper competition by other California employers;

L.    Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

N.    For attorneys' fees in prosecuting this action;

O.    For costs of suit incurred herein; and

P.    For such other and further relief as the Court deems just and proper.

Dated: September 12, 2025                    BIBIYAN LAW GROUP, P.C.


                                             BY:    */s/ Molly Ann DeSario*
                                                    Molly Ann DeSario
                                                    Gayane Ghandilyan

                                             Attorneys for Plaintiff MARCUS TAYLOR and
                                             on behalf of all others similarly situated

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT BOSCH SEMICONDUCTOR LLC, a Delaware limited liability company; JUMP EMPLOYEE SERVICES LLC, a California limited liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARCUS TAYLOR, an individual and on behalf of all others similarly situated,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>**10/14/2025 at 02:51:31 PM**<br>By: Breanne E Baldock<br>Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court of California
County of Placer -- Hon. Howard G. Gibson Courthouse.
10820 Justice Center Drive, Roseville, California 95678

CASE NUMBER: *(Número del Caso):*
S-CV-0056197

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., Molly Ann DeSario / Gayane Ghandilyan, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

DATE: *(Fecha)* Tuesday, October 14, 2025

Clerk, by *(Secretario)* Breanne E Baldock , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C Molly Ann DeSario (Cal. Bar No. 230763), Gayane Ghandilyan (Cal. Bar No. 327818) 1460 Westwood Boulevard, Los Angeles, CA 90024 | **ELECTRONICALLY FILED** Superior Court of California, County of Placer 09/12/2025 at 04:31:53 PM By: Breanne E Baldock Deputy Clerk |

TELEPHONE NO.: 310-438-5555     FAX NO. : 310-300-1705
EMAIL ADDRESS: mdesario@tomorrowlaw.com gayane@tomorrowlaw.com
ATTORNEY FOR (Name): Plaintiff, MARCUS TAYLOR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**
STREET ADDRESS: 10820 Justice Center-- Hon. Howard G. Gibson Courthouse
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville 95678
BRANCH NAME: Hon. Howard G. Gibson Courthouse

CASE NAME:
MARCUS TAYLOR  V. ROBERT BOSCH SEMICONDUCTOR LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: S-CV-0056197 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/12/2025

Molly Ann DeSario
_____                  ▶ _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form          Save this form          Clear this form

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF PLACER**

**CASE NO.  S-CV-0056197**

**A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:**

---

DATE:    January 5, 2026
TIME:  ☒ **3:00 P.M. If your case number starts with "S-CV" and is deemed Complex**
DEPT:  ☒ **40 - 10820 Justice Center Drive, Roseville, California 95678**

---

**IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:**

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you may automatically lose this case, usually before this court date. The Answer or responsive pleading must be filed with the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees or the Plaintiff may seek a default judgment.

The Self-Help Center may provide you with procedural information. To schedule an appointment with the Self-Help Center or for more information, go to the court's website at placer.courts.ca.gov and select "Self-Help Center."

---

**INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:**

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference."  If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense. See Local Rule of Court 10.15 for more information.

If you want to appear remotely, you must schedule your remote appearance through the court's website, https://www.placer.courts.ca.gov. For more information on the remote appearance system, please visit "Remote Civil Hearings" on the website and see Local Rule of Court 10.24. You must pay online to use this service unless you have been granted a fee waiver.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF PLACER

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Placer (Placer County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution. This packet is provided in compliance with California Rules of Court, Rule 3.221.

**What is Alternative Dispute Resolution?**
Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Placer County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**
ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can often be resolved through ADR in a matter of months or weeks, while a lawsuit can often take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses primarily on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situations and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

www.placer.courts.ca.gov
Page **1** of **2**

**Arbitration and Mediation**
Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation.

*Arbitration*
An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

The plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. If a judge orders a case to arbitration, the court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties. Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules, Chapter 20.1.9. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

*Mediation*
Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps the parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Parties to a civil action may agree to privately mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount set by the Mediator.

**Notice Requirements**
Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this ADR Information Sheet from the Court Website, http://www.placer.courts.ca.gov/, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Parties must indicate the types of ADR process(es) the parties are willing to or have participated in on the *Case Management Statement* (Form CM-110) prior to the Case Management Conference.**

**Additional Information**
For more information on the specific ADR programs of the Placer Superior Court, please review the Local Rules of the Placer County Superior Court, available at all court locations and on-line at www.placer.courts.ca.gov.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

www.placer.courts.ca.gov
Page **2** of 2

Filed - 12/30/2025

Electronically filed by Superior Court of California
County of Placer on 12/30/2025
Jake Chatters, Clerk of the Court
By J. Bunday Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

| | |
|---|---|
| Taylor, Marcus vs. Robert Bosch Semiconductor LLC et al. | Case No: S-CV-0056197 <br><br> **ORDER CONTINUING HEARING** |

On the ☒ court's own motion, ☐ request and stipulation of parties ☐ request of plaintiff

☐ request of defendant, the Case Management Conference set for January 5, 2026 3:05 PM

Department 40 has been continued to April 6, 2026 3:00 PM Department 40 located at 10820

Justice Center Dr  ROSEVILLE CA 95678

Date: 12/30/2025

_____

Hon.    Jeffrey Penney
Judge of the Superior Court

**SUPERIOR COURT OF CALIFORNIA**
**IN AND FOR THE COUNTY OF PLACER**

CLERK'S CERTIFICATE OF MAILING (C.C.P. §1013a(4))

Case No.:  S-CV-0056197
Case Name: Taylor, Marcus vs. Robert Bosch Semiconductor LLC et al.

I, the undersigned, certify that I am the clerk of the Superior Court of California, County of Placer, and I am not a party to this case.

I mailed copies of the documents(s) indicated below:

Order: Continuance

True copies of the documents were mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as follows:

> Gayane Ghandilyan
> BIBIYAN LAW GROUP, P.C.
> 1460 Westwood Boulevard
> Los Angeles, CA 90024

I am readily familiar with the court's business practices for collecting and processing correspondence for mailing; pursuant to those practices, these documents are delivered to

☒ the US Postal Service
☐ UPS
☐ FedEx
☐ Interoffice mail
☐ Other:

12/30/2025 in Placer County, California.


Dated: 12/30/2025

JAKE CHATTERS
Clerk of Placer County Superior Court

By: *J. Bunday*

J. Bunday, Deputy Clerk

# EXHIBIT B

Sabrina L. Shadi (SBN 205405)
Mollie R. Kraus (SBN 366438)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859
*Emails:*      sshadi@bakerlaw.com
                   mkraus@bakerlaw.com

*Attorneys for Defendant,*
JUMP EMPLOYEE SERVICES LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF PLACER

| | |
|---|---|
| MARCUS TAYLOR, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH SEMICONDUCTOR LLC, a Delaware limited liability company; JUMP EMPLOYEE SERVICES LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: S-CV-0056197<br><br>[*Hon. Michael Jacques, Dept. 40*]<br><br>**DEFENDANT JUMP EMPLOYEE SERVICES LLC'S ANSWER TO PLAINTIFF'S *UNVERIFIED* CLASS ACTION COMPLAINT**<br><br><br><br>Action Filed:      September 12, 2025 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JUMP EMPLOYEE SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
CASE NO. S-CV-0056197

Defendant JUMP EMPLOYEE SERVICES LLC ("Defendant"), a California limited liability company, by and through its undersigned counsel of record and for itself and no other persons or entities, hereby answers the *unverified* Class Action Complaint ("Complaint") filed by Plaintiff MARCUS TAYLOR ("Plaintiff") in the above-captioned matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant denies each and every allegation set forth in Plaintiff's Complaint and further denies that Plaintiff and/or any of the putative class members Plaintiff seeks to represent have been injured or damaged in the manner alleged, or at all. Defendant also denies that it is liable to Plaintiff and/or the putative class members in any amount or manner whatsoever.

## AFFIRMATIVE DEFENSES

Defendant, without in any way admitting any allegation of the Complaint, asserts and alleges each of the affirmative defenses set forth below. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The purported causes of action in the Complaint are barred, in whole or in part, to the extent they have been released by Plaintiff and/or the putative class members.

## SECOND AFFIRMATIVE DEFENSE
### (Release)

2.     The purported causes of action in the Complaint are barred, in whole or in part, to the extent that certain putative class members have released, relinquished, or abandoned some or all of the claims asserted in the Complaint.

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## THIRD AFFIRMATIVE DEFENSE

### (Not a Proper Class Action)

3.    Any recovery on the class allegations in the Complaint is barred because Plaintiff has failed to identify a proper and ascertainable class of plaintiffs. Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; and a class action is neither manageable nor superior.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.    The purported causes of action alleged in the Complaint are barred, in whole or in part, by the applicable limitations period provided by law, including, but not limited to, those set forth in California Code of Civil Procedure §§ 338 and 340, and in California Business and Professions Code § 17208.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5.    Any potential recovery by Plaintiff and/or the putative class members is barred or, at a minimum, limited by the doctrine of avoidable consequences.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6.    If Plaintiff has suffered any damages as a result of the facts alleged in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute/Belief)

7.    The purported causes of action alleged in the Complaint are barred, in whole or in part, to the extent they seek penalties for alleged violations of California

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Labor Code §§ 201-203 and 226 because, at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with any applicable provision of law, but rather, acted in good faith and had reasonable grounds to believe that (1) Plaintiff and the putative class members were paid all wages due during their employment with Defendant; and (2) Defendant was in compliance with Labor Code § 226 with respect to the conduct alleged. *See Naranjo v. Spectrum Security Services, Inc.*, 15 Cal.5th 1056 (2024).

### EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. The purported causes of action in the Complaint are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiff has inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendant.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. The purported causes of action alleged in the Complaint are barred, in whole or in part, to the extent that Plaintiff and the putative class members entered into this litigation with unclean hands.

### TENTH AFFIRMATIVE DEFENSE

### (Wrongful Conduct of Others)

10. The purported causes of action in the Complaint are barred, in whole or in part, because if Plaintiff suffered damages, which Defendant denies, such damages were caused by the wrongful or negligent conduct of Plaintiff, someone acting on Plaintiff's behalf, or third parties for whose actions Defendant is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

11. Plaintiff and the putative class members, by their own actions, have waived, in whole or in part, each purported cause of action alleged in the Complaint

and are now estopped from bringing such causes of action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.     Defendant is entitled to offset any amount awarded to Plaintiff and/or the putative class members in this action against: (1) all overpayments of compensation, if any, to Plaintiff and the putative class members; (2) other sums that Plaintiff and the putative class members received during the course of their respective alleged employment with Defendant to which they were not entitled, if any; and (3) other sums that Plaintiff and the putative class members owe Defendant for damages and/or other legal or equitable remedies (including, without limitation, recission) based on and/or resulting from their wrongful conduct against Defendant, including, without limitation, their receipt of any compensation and other benefits to which they were not entitled and/or did not earn due to mistake(s) of fact and/or law; and (4) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and the putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rest Periods Authorized and Permitted)

13.     Plaintiff and putative class members are barred, in whole or in part, from recovering relief in connection with rest periods because they were authorized and permitted to take all rest periods as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver of Meal Breaks)

15.     The purported meal break allegations asserted in the Complaint are barred, in whole or in part, to the extent that Plaintiff and the putative class waived their entitlement to meal periods and to the extent that Defendant provided meal breaks which Plaintiff and the putative class members voluntarily did not take on a timely or complete basis.

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Injunction and Restitution Barred)

16.     The purported tenth cause of action alleged in the Complaint for violations of California Business and Professions Code § 17200, *et seq.* and its injunctive and restitution remedies are barred because Plaintiff and/or the putative class members have other adequate remedies at law available, such as monetary damages and/or penalties.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

17.     Plaintiff and the putative class members are precluded from recovering penalties from Defendant to the extent such remedies would violate Defendant's rights to due process under the California and United States Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Recovery)

18.     Recovery of statutory penalties in the Complaint is barred, in whole or in part, to the extent any such penalties are derivative of other allegations in the Complaint and would lead to impermissible duplicative recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

19.     The purported causes of action in the Complaint are barred, in whole or in part, pursuant to an accord and satisfaction and/or to the extent that Plaintiff and the putative class members, or any of them, have entered into or are otherwise bound by compromise, settlement, or release agreements covering those claims, which they have breached by bringing or participating in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and/or Collateral Estoppel)

20.     The purported causes of action in the Complaint are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Requisite Willfulness, Knowledge, or Intent)

21.    Defendant did not willfully, knowingly, and/or intentionally fail to comply with any applicable provision of law but rather acted in good faith and had reasonable grounds for believing that it did not violate California law or any other applicable provision of law.  Therefore, because Defendant's conduct was not willful, knowing, and/or intentional, any recovery on the causes of action alleged in the Complaint is precluded, in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Amend and Reservation of Future Defenses)

22.    Defendant does not presently know all of the facts and circumstances regarding Plaintiff's claims.  Defendant reserves the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Complaint be dismissed with prejudice;

2.    That Plaintiff take nothing by reason of his Complaint;

3.    That judgment be rendered in favor of Defendant;

4.    For all reasonable costs and attorneys' fees incurred by Defendant in connection with the defense of this matter as available under the law; and

5.    For such other and further relief as this Court may deem just and proper.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JUMP EMPLOYEE SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
CASE NO. S-CV-0056197

Dated:  January 27, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  */s/ Sabrina L. Shadi*
     Sabrina L. Shadi
     Mollie R. Kraus

*Attorneys for Defendant,*
JUMP EMPLOYEE SERVICES LLC

DEFENDANT JUMP EMPLOYEE SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
CASE NO. S-CV-0056197

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067.

On January 27, 2026, I served a copy of the within document(s):

**DEFENDANT JUMP EMPLOYEE SERVICES LLC'S ANSWER TO PLAINTIFF'S *UNVERIFIED* CLASS ACTION COMPLAINT**

| | |
|---|---|
| ☑ | **VIA EMAIL:** By transmitting via electronic mail the document(s) listed above to the e mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error. |
| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

**BIBIYAN LAW GROUP, P.C.**
Molly Ann DeSario
mdesario@tomorrowlaw.com
Gayane Ghandilyan
gayane@tomorrowlaw.com
1460 Westwood Boulevard
Los Angeles, CA 90024
Tel: (310) 438-5555
Fax: (310) 300-1705

*Attorneys for Plaintiff,*
MARCUS TAYLOR

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 27, 2026 at Los Angeles, California.

*/s/ Jessica Williams*
Jessica Williams

**PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067.

On January 28, 2026, I served a copy of the within document(s):

**DEFENDANTS ROBERT BOSCH SEMICONDUCTOR LLC AND JUMP EMPLOYEE SERVICES LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

| | |
|---|---|
| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

**BIBIYAN LAW GROUP, P.C.**          *Attorneys for Plaintiff,*
Molly Ann DeSario                    MARCUS TAYLOR
mdesario@tomorrowlaw.com
Gayane Ghandilyan
gayane@tomorrowlaw.com
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 28, 2026 at Los Angeles, California.


_____
*/s/ Tyler Patton*
Tyler Patton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES